IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVESTER EUGENE WILLIAMS, 430411 | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-511-G |
| | ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**I.  Type of Case**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**II.  Statement of the Case**

On August 8, 1986, Petitioner was convicted of burglary of a habitation with intent to commit sexual assault. *State of Texas v. Williams*, No. 451-D (350th Jud. Dist. Ct., Taylor County, Tex. Aug. 8, 1986). He was sentenced to sixty years in prison. On October 3, 1995, while in prison, Petitioner was convicted of aggravated assault of a correctional officer and was

sentenced to four years in prison, to be served consecutively to his first sentence. *State of Texas v. Williams*, No. 22901 (3rd Jud. Dist. Ct., Anderson County, Tex., Oct. 3, 1995).

In his current petition, Petitioner does not challenge his convictions. Instead, he argues he is entitled to release on mandatory supervision on his 1986 conviction for burglary of a habitation with intent to commit sexual assault.

Petitioner has filed three previous § 2254 petitions. On September 16, 1998, he filed a petition challenging the calculation of his good time credits. *Williams v. Johnson*, No. 2:98-CV-315 (N.D. Tex.). On February 8, 2001, the court dismissed the petition for want of prosecution. On September 7, 2004, Petitioner filed his second § 2254 petition, which challenged his conviction for burglary of a habitation with intent to commit sexual assault. *Williams v. Dretke*, No. 1:04-CV-212-C. On October 4, 2004, the court dismissed the petition as barred by the statute of limitations. On June 4, 2009, Petitioner filed his third § 2254 petition, which challenged a disciplinary proceeding. *Williams v. Quarterman*, 2:09-CV-126 (N.D. Tex.). On July 10, 2009, the court denied the petition.

## III.  Discussion

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition. "A petition is not second or successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentenced that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id*. at 836-37. To determine whether a petition is second or successive, the court analyzes whether the challenge

he presents in a second habeas petition occurred before petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

In this case, Petitioner states that under the law in effect at the time of his August 8, 1986 conviction, he was entitled to mandatory supervised release when his flat time plus his good time equaled one-third of his sentence. (Mem. at 1.) Using only Petitioner's flat time, he would have been eligible for release to mandatory supervision after twenty years, or in 2006. Petitioner's alleged eligibility for mandatory supervision therefore arose before he filed his June 4, 2009, petition and he could have raised this claim in that petition. Although Petitioner claims he did not learn about the mandatory supervision law until 2013, Petitioner has failed to show that with the exercise of due diligence, he could not have learned of his claim by the time he filed his 2009 § 2254 petition.[1] The petition is therefore successive.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this

---

1. Additionally, on October 3, 1995, Petitioner was convicted of aggravated assault of a correctional officer. This conviction made him ineligible for mandatory supervised release. *See* Tex. Crim. P. art. 42.18 § 8(c)(5) (West 1992) (stating that defendants serving a sentence for aggravated assault are ineligible for mandatory supervision).

Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 18th day of February, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).