UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVESTER EUGENE WILLIAMS, 430411, | ) ) ) | |
| Petitioner, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:14-CV-0511-G (BF) |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | ) ) ) ) ) | |
| Respondent. | ) | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Respondent filed objections, and the district court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The objections are sustained. Specifically, the petitioner's conviction for aggravated assault on October 3, 1995 "made him ineligible for mandatory supervised release." Findings, Conclusions, and Recommendation of the United States Magistrate Judge at 3 n.1 (docket entry 19).

Because the petitioner is ineligible for mandatory supervised release, the court does not need to consider whether his claim is successive under 28 U.S.C. § 2244(b)(2). Sustaining the respondent's objections does not impact the disposition of the case. Therefore, the court still **ACCEPTS** the findings, conclusions and recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. The court adopts and incorporates by reference its memorandum order filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).*

---

\*　　Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to

(continued...)

In the event, the petitioner will file a notice of appeal, the court notes that

(**X**) the petitioner will proceed *in forma pauperis* on appeal.

( ) the petitioner will need to pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

March 13, 2015.

*(signature: A. Joe Fish)*
**A. JOE FISH**
**Senior United States District Judge**

---

[*](...continued)
submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.  A timely notice of appeal must be filed even if the district court issues a certificate of appealability.